## IN THE U.S. DISTRICT COURT FOR THE DISTRICT OF MARYLAND

**JAMIE NADETH. SAMNANG,**
2104 Randolph Road, Apt 208
Silver Spring, MD 20902

*Plaintiff,*

v.

**BOUCHARD VENTURES, LLC.**
D/B/A ASPEN BEAUTY ACADEMY OF
LAUREL
3535 Fort Meade Road
Laurel, MD 20724

*Defendant.*

**Serve on:**    **James S. Wilford, JR.**
451 Hungerford Drive
Rockville, MD 20850

Civil Action No.:
JURY TRIAL DEMANDED

## COMPLAINT

Plaintiff, Jamie Nadeth Samnang ("Ms. Samnang"), by and through her attorneys, Joseph M. Fah Esq. & FAH LAW GROUP, P.C., brings this action against Defendant, Bouchard ventures, LLC ("Bouchard Ventures"), and states as follows:

## NATURE OF THE ACTION

1.      Ms. Samnang brings this action for employment discrimination and retaliation, to seek redress and appropriate relief for the unlawful employment practices she was subjected to by Bouchard Ventures. As fully sets forth below, Ms. Samnang states that Bouchard Ventures unlawfully and intentionally discriminated against her because of her gender and sexual orientation, in violation of her rights as guaranteed under Title VII of the Civil Rights Act of 1964 as amended, 42 U.S.C.

§§2000e, *et seq*. ("Title VII") and under § 20-601 *et. Seq.* of the State Government Article. Further, Bouchard Ventures retaliated by terminating Ms. Samnang from employment when she complained of the unlawful discrimination and encouraged other members of her protected class to do so as well.

## PARTIES

2.      At all relevant times, Ms. Samnang was a resident of the state of Maryland.

3.      Ms. Samnang is an adult transgender female.

4.      Ms. Samnang is a U.S Citizen.

5.      Ms. Samnang's is of Asian's descent.

6.      Ms. Samnang began her employment with Bouchard Ventures on January 2, 2019.

7.      Ms. Samnang was employed as an instructor.

8.      Ms. Samnang was terminated on June 19, 2019.

9.       Ms. Samnang is within the protected class under Title VII and §20-601 et. Seq. of the State Government Article.

10.     Bouchard Ventures is a business entity organized under the laws of the State of Maryland and conducts business under the trade name Aspen Beauty Academy of Laurel.

11.     Bouchard Ventures is a cosmetology School that trains students in hair care and other topics in preparation for the Maryland State Board of Cosmetologists' licensing examination.

12.     Bouchard Ventures employs more than 15 employees.

13.     At the time of the events presented in this complaint, Ms. Samnang was employed at the Bouchard Ventures facility, also known as Aspen Beauty Academy of Laurel, located at 3535 Fort Meade Road, Laurel MD 20724.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

14. On January 27, 2020, Ms. Samnang timely filed a complaint for sex discrimination and retaliation with the Equal Employment Opportunity Commission ("EEOC"), charge No.: 531-2020-01152.

15. On March 8, 2021, at her request, Ms. Samnang received a Notice of Right to Sue from the EEOC. *See Exhibit 1, Notice of Right to Sue*.

16. Ms. Samnang commenced this action against Defendant within ninety (90) days of receiving the Notice of Right to Sue.

17. All conditions precedent to the filing of this suit have been performed or have occurred.

## JURISDICTION AND VENUE

1. This Court has original jurisdiction over Ms. Samnang's claims pursuant to 28 U.S.C. §§ 1331, 1332, and 1343(a)(4). This Civil action also involves claims under federal law, specifically Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C.

2. This Court has authority to grant a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202, and authority to grant equitable relief and monetary damages pursuant to 42 U.S.C. § 12117(a).

3. This Court has supplemental jurisdiction over Ms. Samnang's claims brought pursuant to §20-601 et. Seq. of the Maryland State Government Article.

4. Venue properly lies in this Court because the acts described herein occurred in the state of Maryland and the Defendant does business in the state of Maryland.

## FACTS COMMON TO ALL CLAIMS

5.  Ms. Samnang began her employment with Bouchard Ventures on November January 2, 2019.

6.  She was an instructor.

7.  Her hourly pay rate was $18 per hour.

8.  Ulysses Powell was also an instructor at Aspen Beauty Academy of Laurel.

9.  Mr. Powell was openly known to be gay and member of the LGBTQ.

10. Some students did not like that member of the LGBTQ were employed by Defendants.

11. Other Students openly expressed their dislike of the instructor's member of the LGBTQ, including Ms. Samnang and Mr. Powell.

12. Mr. Powell is no longer employed with Defendant.


**Ms. Samnang's Report of discrimination against Mr. Powell:**

13. On May 16, 2019, Mr. Powell was teaching an evening class.

14. During this instruction period, there was an incident between Mr. Powell and a student named Autaume Wing, who was overly and unnecessarily harassing Mr. Powell because of his sexual orientation.

15. The next day, Mr. Powell sought Ms. Samnang's help to resolve the issue between him and the student Autaume Wing.

16. This student refused, became belligerent, aggressive, and told Mr. Powell ***"I have nothing to say to you, you rachet ass foggot."***

17. Ms. Samnang asked the student about her statement, and she confirmed **"yes I did say that to him coz that is what he is."**

18. Ms. Samnang informed Autaume wing that these words will get her suspended.

19. Ms. Wing responded, "of well, if Miss Maria wants to suspend me or expel me, then I'm just not gonna pay her and she's not gonna get her money."

20. Ms. Samnang advised Mr. Powell that this sort of discrimination must immediately be brought to the management's attention for appropriate actions.

21. Ms. Samnang followed through by immediately complaining to Maria Bouchard that Mr. Powell is being discriminated and harassed by student Autaume Wing.

22. Ms. Samnang then requested that the student be disciplined in the form of suspension or expulsion as the behavior is likely to continue, thereby exposing other member of the LGBTQ, including Ms. Samnang herself.

23. Other than a request for apology from the offending student, Ms. Bouchard did nothing.

24. There have been other instances where Mr. Powell was harassed by customers, though these incidents were reported to management, nothing was done.


**The Incident of June 8, 2019**

25. On June 8th, 2019, as Ms. Samnang and some students were cleaning up at the end of the day. A gentleman showed up to pick up one client who was attended to by a student named, Tirica.

26. The client was heavy built.

27. Tirica asked Ms. Samnang if "that's her father coming to pick her up or her boyfriend."

28. Ms. Samnang responded, "her father."

29. Tirica responded, jokingly "well that could be her daddy as in boyfriend."

30. Ms. Samnang responded, "well some guys like big girls."

31. Another student, Ebony Wills, who overheard the conversation became infuriated, thinking Ms. Samnang said, "don't nobody want no big girl."

32. Ms. Samnang clarified what she said and Ebony Wills was satisfied.

33. Student Deija White was present during the discussion.

34. As Ms. Samnang was discussing with Ebony Wills, another student, Brenna Hayes, walked up to Ms. Samnang and told her to "shut the fuck up!".

35. Brenna Hayes then walked out of the door and went home.

**The Termination of June 19, 2019**

36. On Tuesday June 11, 2019, Mr. Powell called Ms. Samnang and informed her that Brenna Hayes and others have devised a plan to get Ms. Samnang fired.

37. Later that same day, Ms. Samnang was pulled into Lawrence Bouchard's office, with Mari Bouchard present.

38. She was confronted with the allegations made against her and told that multiple students and staff confirmed the allegations.

39. They charged that Ms. Samnang allegedly called the students "fat back bitches, monkeys, niggers", made noises mimicking monkeys, and told them to "sit their monkey asses down."

40. They further charged that Ms. Samnang allegedly referred to African American Students as having "Kunta Kinte" hair.

41. That she called African American clients "fat, matted, nappy head bitch" and used the slur "nigger".

42. They further accused Ms. Samnang for allegedly claiming that because "as a transgender Asian woman, and as minority herself, she has the right to use offensive language toward any minority group or protected class."

43. Ms. Samnang was distraught to hear these allegations, of course, she denied every single one.

44. She informed management—Mr. and Mrs. Bouchard—she has never made any of the comments she is accused to have made.

45. Several other students—some of whom confirmed that they hated Ms. Samnang because she is a transgender—denied having ever heard Ms. Samnang made these statements or anything similar.

46. They further denied having ever felt discriminated against, or observed anything similar, perpetrated by Ms. Samnang.

47. Ms. Samnang then wrote a letter addressing these allegations.

48. On Wednesday June 19, 2019, Ms. Samnang was terminated.

49. Before her termination of June 19, 2019, Ms. Samnang never received any disciplinary action.

50. Prior to June 2019, no student or client has ever reported that Ms. Samnang used derogatory language towards students, staff, or clients.

51. Prior to June 2019, Defendant has never approached or confronted Ms. Samnang with any derogatory statement attributed to her.

52. Before being hired at the school, Ms. Samnang underwent two separate interviews.

53. She accepted the offer fully aware that the Staff, clients, and students were over 90% Black.

54. Bouchard Ventures never conducted any investigation into Ms. Samnang's complaints for discrimination and retaliation.

55. Ms. Samnang's treatment at the hands of Defendant has forced her into depression and caused her to lose self esteem and the enjoyment of life.

56. Since her termination, Ms. Samnang has been under medical care having been diagnosed with Major Depression Disorder.

## FIRST CLAIM FOR RELIEF

### (Sex Discrimination in Violation of Title VII)

Ms. Samnang incorporates herein the facts and statements contained in Paragraph 1 through 56 of this complaint as if fully set forth.

57. Ms. Samnang asserts that as Asian and transgender woman, she is a member of a class protected under Title VII, and under § 20-601, *et seq.* of the State Government Article.

58. Ms. Samnang asserts that the hatred for members of the LGBTQ and her opposition thereto was the reason for her termination for employment.

59. Bouchard Ventures's other similarly situated employees' who have committed far more egregious conducts or errors were not unfairly treated, disciplined, suspended, or terminated by the Defendant, as it did with Mr. Powell and Ms. Samnang—they only members of the LGBTQ employed by Defendant.

60. Ms. Samnang further asserts that similarly situated employees not within her protected class were not exposed and humiliated like her and were not subjected to the same unlawful employment conditions as she was.

61. Ms. Samnang suffered adverse employment action when her employment with Bouchard Ventures ended.

62. Bouchard Ventures' disparate actions were intentional and based on Ms. Samnang's Sexual Orientation.

63. Ms. Samnang maintains that Bouchard Ventures has intentionally discriminated against her because of her sex in violation of her rights under Title VII, § 20-601, *et seq.* of the State Government Article, by terminating her, without legitimate reason, and for the sole purposes of accommodating the requests of the students and client who hated her for being a transgender.

64. As a proximate result of Bouchard Ventures' intentional discriminatory actions, Ms. Samnang has suffered losses in compensation, earning capacity, humiliation, mental anguish, loss of enjoyment of life, and extreme and severe emotional distress.

65. Bouchard Ventures' unlawful actions, as described in this complaint, were intentional, willful, and done with reckless disregard for Ms. Samnang's rights and feelings.

66. Ms. Samnang requests relief as described below in her prayer for reliefs.

## SECOND CLAIM FOR RELIEF

### (Retaliation for filing a Complaint for Sex Discrimination)

Ms. Samnang incorporates the facts and statements contained in paragraphs 1 through 56 of this complaint as if fully set forth herein.

67. Ms. Samnang engaged in a protected activity by filing a complaint for sex discrimination with Bouchard Ventures and by encouraging another employee—Mr. Powell—to do the same.

68. Bouchard Ventures terminating Ms. Samnang because of her complaint for sex discrimination.

69. Bouchard Ventures terminated Ms. Samnang because of her engaging in protected activities.

70. Ms. Samnang's complaint for sex discrimination a cause of her termination.

71. Ms. Samnang's occurred shortly after her complaint for sex discrimination.

72. But for Ms. Samnang's complaint for sex discrimination filed with Bouchard Ventures, she would have been still employed with it today.

73. Ms. Samnang requests relief as described below in her prayer for reliefs.

## PRAYER FOR RELIEF

WHEREFORE, Ms. Samnang respectfully requests this Court to grant the following relief:

74. Declare that Defendant has intentionally discriminated against Ms. Samnang in violation of her

rights as guaranteed by Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e, and under

§20-601 et. Seq. of the State Government Article.

A.      Grant a permanent injunction enjoining Bouchard Ventures, its officers, successors,

assigns, and all persons in active concert or participation with it, from maintain employment

practices, which discriminated on the basis of sex or any other prohibited protected class.

B.      Order Bouchard Ventures to institute and carry out policies, practices, and programs,

which provide equal employment opportunities for LGBTQ and eradicate the effects of its past and

present unlawful employment practices.

C.      Order Bouchard Ventures to pay back pay resulting from the unlawful employment

practices described herein.

D.      Order Bouchard Ventures to make Ms. Samnang whole by providing compensation

for past and future non-pecuniary losses resulting from the unlawful practices complained herein,

including emotional pain, emotional distress, suffering, inconvenience, loss of enjoyment of life,

humiliation, loss of self-esteem, and loss of civil rights, in the total maximum amount allowed by

law.

E.      Order Defendant to pay Ms. Samnang exemplary punitive damages for its intentional

unlawful actions, as described herein, in the total amount to be determined at trial.

F.      Grant plaintiff reasonable costs and Attorney's fees.

G.      Grant such further relief as the Court deems necessary and proper in the public

interest.

Date: June 1, 2021.

Respectfully Submitted,

**FAH LAW GROUP, P.C.**

/s/ Joseph M. Nde Fah

_____

Joseph M. Nde Fah, Esq.
(Bar No.: 13932)
8757 Georgia Avenue, Suite 440
Silver Spring MD 20910
T: 301 585 3314
P: 301 585 0854
jfah@fahlawgroup.com

*Attorney for Ms. Samnang*

## JURY TRIAL DEMAND

Ms. Samnang hereby requests a jury trial on all questions of facts raised by her complaint.

Date: June 1, 2021.

Respectfully Submitted,

**FAH LAW GROUP, P.C.**

/s/ Joseph M. Nde Fah

_____

Joseph M. Nde Fah, Esq.
(Bar No.: 13932)
8757 Georgia Avenue, Suite 440
Silver Spring MD 20910
T: 301 585 3314
P: 301 585 0854
jfah@fahlawgroup.com

*Attorney for Ms. Samnang*